**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steve R. TRELEAVEN, Defendant,**

and

**Roderick D. Hier, Defendant–Appellant.**

No. 93–30228.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1994.

Decided Sept. 13, 1994.

As Amended on Denial of Rehearing Nov. 17, 1994.

---

James E. Siebe, Moscow, ID, for defendant-appellant.

Barry McHugh, Asst. U.S. Atty., Boise, ID, for plaintiff-appellee.

Before: GOODWIN, D.W. NELSON, and HALL, Circuit Judges.

GOODWIN, Circuit Judge:

Roderick D. Hier appeals his sentence for marijuana offenses, arguing that prosecutors impermissibly refused to move for a downward departure for providing substantial assistance after he testified before a grand jury. U.S.S.G. § 5K1.1. We vacate Hier's sentence and remand for resentencing.[1]

## I.

After the district court denied Hier's motion to suppress evidence, Hier's counsel contacted the government and offered to negotiate a cooperative plea agreement, whereby Hier would testify against other defendants in exchange for a downward departure. The government declined the offer. *See* Letter of June 29, 1992. Hier then pled guilty to conspiracy to manufacture marijuana, 21 U.S.C. §§ 846, 841, and manufacturing marijuana. 21 U.S.C. § 841. At the plea proceedings, Hier's counsel reiterated that Hier would cooperate against other defendants if the government promised to move for a downward departure. The government again declined the offer.

Thereafter, the government made *ex parte* contact with Hier, subpoenaing him to testify at a grand jury proceeding without notifying Hier's counsel or obtaining counsel's consent. Hier contacted his lawyer, who promised to contact the Assistant United States Attorney.

Counsel and his associate attempted to reach the prosecutor, but their calls were not returned. Hier then testified before the grand jury, apparently assuming that his lawyer had reached the prosecutor and that the government would move for the downward departure mentioned at the plea proceedings.

Hier's grand jury testimony was very similar to that given by Richard Nolte, a codefendant. After Nolte testified, the government made a substantial-assistance motion on his behalf, allowing the sentencing court to grant him a downward departure. U.S.S.G. § 5K1.1. However, the government refused to make a similar motion on Hier's behalf, stating that Hier's testimony was redundant with Nolte's.

At sentencing, Hier challenged the government's refusal to move for a downward departure, arguing that its refusal was unjustified and asking the district court to award him the downward departure. The district court denied the motion and sentenced Hier, a first offender, to the mandatory minimum of ten years. Hier appeals.

## II.

Section 5K1.1 allows a downward departure "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."[2] A sentencing court ordinarily cannot grant a downward departure for substantial assistance in the absence of a government motion. *United States v. Cueto,* 9 F.3d 1438, 1441–42 (9th Cir.1993). However, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade v. United States,* —— U.S. ——, —— – ——,

---

1.  Hier and his codefendant Steve Treleaven also appealed the denial of their motion to suppress evidence. We affirmed their convictions in a separate unpublished memorandum disposition.

2.  *See also* 18 U.S.C. § 3553(e) (permitting courts to impose sentences below the statutory minimum upon a government motion for a downward departure for substantial assistance).

112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524 (1992).

■ In order to be entitled to such relief, or even to obtain discovery or an evidentiary hearing on the issue, a defendant must make a "substantial threshold showing." *Id.* — U.S. at ——, 112 S.Ct. at 1844. This showing must include more than "a claim that [he has] provided substantial assistance" and "generalized allegations of improper motive." *Id.* Rather, it must involve some specific allegations such as evidence "that the Government refused to file a motion for suspect reasons such as his race or his religion," or that "the prosecutor's refusal to move was not rationally related to any legitimate Government end." *Id.*

Circuit courts have held that a defendant has made such a showing where the government's refusal to move for a substantial assistance departure was a retaliation for his decision to exercise his constitutional right to a trial, *United States v. Paramo*, 998 F.2d 1212, 1219–20 (3d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1076, 127 L.Ed.2d 393 (1994); where the government's refusal constituted a breach of its plea agreement, *United States v. De La Fuente*, 8 F.3d 1333, 1340 (9th Cir.1993) (allowing courts to order specific performance in such circumstances);[3] and where the government's refusal was an attempt to ensure a defendant's continued cooperation, despite his presentence cooperation. *United States v. Drown*, 942 F.2d 55, 59 (1st Cir.1991).[4]

■ Hier argues that he provided substantial assistance. The government agrees that Hier testified at the grand jury proceeding and that his testimony appeared truthful and consistent with Nolte's. It does not contend that Hier's testimony was inadequate or that Hier lied, held back, or did anything but assist the government to the best of his ability. However, it contends that Hier's assistance was not substantial because his testimony duplicated Nolte's.

As Hier points out, the government's position is inconsistent: The government explicitly determined that Hier's testimony was necessary when it subpoenaed him. Moreover, Hier corroborated Nolte's testimony, which might have been important given Nolte's status as an indicted felon testifying pursuant to an offer of leniency. Finally, equitable considerations suggest that the mere fortuity that another person was able to provide similar testimony should not affect Hier's expectation of a downward departure.

■ However, even if Hier provided substantial assistance, we cannot grant relief unless the government's refusal to move for a downward departure was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to any legitimate government purpose. *Wade*, —— U.S. at ——, 112 S.Ct. at 1844.

■ Hier relies primarily on the prosecutor's improper *ex parte* communication and decision to solicit his grand jury testimony which violated the attorney-client relationship, and effectively interfered with Hier's Sixth Amendment rights. Hier argues that this conduct invaded his rights and impeded counsel's efforts to negotiate a reasonable bargain on Hier's behalf.

The government admits that "contact with Hier should have [ ] occurred only after authorization by his counsel." At oral argument, the government was unable to offer

3. *See also United States v. Martin*, 25 F.3d 211, 217 (4th Cir.1994); *United States v. Hernandez*, 17 F.3d 78, 81–82 (5th Cir.1994); *United States v. Dixon*, 998 F.2d 228, 231 (4th Cir.1993); *United States v. Knights*, 968 F.2d 1483, 1486 (2d Cir.1992).

4. *See also Martin*, 25 F.3d at 216; *Dixon*, 998 F.2d at 231; *United States v. Mitchell*, 964 F.2d 454, 461 (5th Cir.1992) (district court cannot refuse to rule on a § 5K1.1 motion until after sentencing); *United States v. Robinson*, 948 F.2d 697, 698 (11th Cir.1991); *United States v. Howard*, 902 F.2d 894, 897 (11th Cir.1990). *But see United States v. Bagnoli*, 7 F.3d 90, 92–93 (6th Cir.1993) (prosecutor's promise that he would later make a Rule 35 motion to reduce the defendant's sentence "if we think it is warranted" did not convert government's discretionary decision not to file a § 5K1.1 motion into an impermissible attempt to defer filing the motion), *petition for cert. filed* (U.S. March 7, 1994 No. 93–8224).

any explanation of these events and conceded that it had acted improperly. However, it insists that its potentially unconstitutional *behavior* is not an "unconstitutional motive" within the meaning of *Wade,* and that a downward departure is not an appropriate remedy for such misconduct.

The parties have not cited, and we have not found, a case addressing a § 5K1.1 departure involving the type of misconduct present in this case. However, as Hier emphasizes, if the government had properly notified Hier's counsel and allowed Hier an adequate opportunity to consult with his attorney before testifying, Hier might have obtained a written promise to move for a downward departure. Moreover, had Hier obtained such a promise before testifying, he would now be entitled to the remedy he seeks—specific performance. *Martin,* 25 F.3d at 217; *De La Fuente,* 8 F.3d at 1340; *Dixon,* 998 F.2d at 231; *Hernandez,* 17 F.3d at 81–82; *Knights,* 968 F.2d at 1486. Hier contends that, because the government's admitted misconduct prevented him from obtaining the benefit of his right to counsel, the district court had authority to grant a § 5K1.1 departure despite the government's refusal to request one.

Given the particular circumstances of this case, we agree. Hier has shown that he provided substantial assistance, and that the government's improper conduct deprived him of an opportunity to negotiate a favorable bargain before testifying. Allowing such potentially unconstitutional behavior to go unremedied creates troubling incentives. Although no cases have squarely addressed Hier's situation, the government's behavior in this case authorizes the district court to grant Hier's request for a downward departure for providing substantial assistance. *See De La Fuente,* 8 F.3d at 1340. Therefore, on remand, the district court may in its discretion depart downward in the absence of a government motion under § 5K1.1.

Hier's sentence is VACATED and the case is REMANDED for resentencing.