50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Jose GUZMAN; Natividad Jose Pena, Defendants-Appellants.
 Nos. 94-50397, 94-50398.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Juan Jose Guzman and Natividad Jose Pena challenge their sentences following their guilty pleas to methamphetamine-related crimes. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Both Guzman and Pena argue that the district court should have departed downward for substantial assistance after the government improperly refused to make the requisite motion. The government compelled the defendants' testimony against a co-defendant but then argued at sentencing that the testimony was worthless. Guzman and Pena assert that the prosecutor irrationally changed his opinion about the value of their testimony because he knew the scope of their testimony before he called them to testify at the co-defendant's trial.
 
 
 4
 The district court may grant a downward departure for substantial assistance when the government's refusal to move for a downward departure was based on an unconstitutional motive or a factor not rationally related to any legitimate government purpose. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992). For example, we recently held that the district court had the authority to depart without a government motion when the prosecutor's improper conduct implicated the defendant's constitutional right to counsel. United States v. Treleaven, 35 F.3d 458, 461-62 (9th Cir.1994). Nonetheless, the district court is not required to depart downward. United States v. Hanna, No. 93-30457, slip op. at 2688 (9th Cir. Mar. 9, 1995) (Guidelines state that court "may" depart); e.g., Treleaven, 35 F.3d at 461 (remanding to allow district court to consider whether to depart for substantial assistance when prosecutor had circumvented defense counsel to obtain defendant's grand jury testimony). As long as the district court knew it had the legal authority to depart, the district court's discretionary refusal to depart is not reviewable on appeal. Hanna, slip op. at 2688-89.
 
 
 5
 Here, the district court read the cases cited by defendants and stated it understood the defendants' argument. Moreover, the district court found that the prosecutor's conduct was not irrational or in bad faith. Also, the district court departed downward for other reasons. On this record, we conclude that the district court exercised its discretion not to depart for substantial assistance and that decision is not reviewable. Id.
 
 
 6
 Next, Pena argues that the district court violated 18 U.S.C. Sec. 3553(c)(1) by failing to give reasons for imposing the particular sentence when the sentencing range exceeds 24 months. Section 3553(c)(1) does not apply to this case, however, because the sentence was not "within" the applicable Guidelines range. The district court departed downward because the base offense level applicable to the quantity of methamphetamine involved in the crime overrepresented Pena's culpability. See United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992) (18 U.S.C. Sec. 3553(c)(1) does not apply if the district court upwardly departs based on the underrepresentation of the criminal history). Because the sentence involved a departure, the district court was required to comply with Sec. 3553(c)(2) and to state the specific reason for imposing a sentence outside the guideline range. Here, the district court complied with that requirement by adopting the probation officer's observation that Pena was a minor participant in a large drug conspiracy. See id. at 879.
 
 
 7
 Finally, Pena argues that the district court erred by failing to depart because his criminal history category overrepresented his criminal history. The district court entertained lengthy arguments on whether it should depart downward on this basis. When announcing its final calculation, the court stated, "as to the criminal history of Mr. Pena, I agree with the government and find that it is a criminal history of 2." This comment demonstrates that the court exercised its discretion not to depart for an overrepresented criminal history category; therefore, the ruling is unreviewable. See Hanna, slip op. at 2688.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3