64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David A. FRYE, Defendant-Appellant.
 No. 94-30247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 10, 1995.*
Decided Aug. 15, 1995.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges and TEVRIZIAN, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 David A. Frye appeals the denial of a government motion to reduce his sentence for changed circumstances under Federal Rule of Criminal Procedure 35(b). The district court denied the motion holding that Frye did not provide substantial assistance in the investigation of another person who has committed an offense. We have jurisdiction over this timely appeal under 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 * In October 1992, Frye pleaded guilty to one count of conspiracy to defraud the government and was sentenced to 17 months imprisonment with credit for time served and two years supervised release.[1]
 
 
 5
 In December 1992, Frye's attorney spoke with the Pend Oreille County Prosecuting Attorney, Tom Metzger, concerning Frye's potential assistance with an ongoing murder investigation. The two agreed that if Frye provided fully truthful information, Metzger would secure Frye's release from custody and would seek an order from the district court reducing Frye's sentence. The two specifically discussed the possibility of the court refusing to reduce the sentence. Frye's attorney stated that this event would be beyond the control of the prosecuting attorney and "to the extent that [he] made the good faith effort, ..., then he would be obligated to testify [in any prosecution resulting from his assistance to the Government]."
 
 
 6
 The agreement being made, Frye then underwent two polygraph tests in an attempt to verify his truthfulness. The first test was inconclusive but the second indicated that Frye was being truthful.
 
 
 7
 In January 1993, the Government filed a Fed. R. Crim. P. 35(b) motion based upon Frye's subsequent, substantial assistance to the Government. The district court ordered Frye's release from prison pending resentencing and a ruling on the Rule 35(b) motion. No action was taken for many months. In October 1993, the United States Attorney contacted Metzger seeking information concerning the extent of Frye's assistance with the Government. Metzger responded that there was some question concerning Frye's truthfulness and that they had scheduled one more polygraph examination.
 
 
 8
 This third polygraph test was performed in February 1994. The examiner concluded that Frye had been deceptive about his role in the crime being investigated. Frye then decided to submit to a final polygraph examination by an examiner of his choosing. The results of the last examination were inconclusive.
 
 
 9
 A hearing on the Rule 35(b) motion was held in June 1994. The district court concluded that, based upon all the testimony before him, Frye did not provide substantial assistance and denied the Rule 35(b) motion. Frye timely appeals.
 
 II
 
 10
 A denial of a Rule 35 motion will be reversed only if illegal or if the district court grossly abused its discretion. United States v. Stump, 914 F.2d 170, 172 (9th Cir. 1990).
 
 III
 
 11
 Rule 35(b) provides that a district court "may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense." In denying the Government's motion, the district court found:
 
 
 12
 While it is the policy of this court to give serious consideration to a reduction of a sentence where a Defendant provides complete and truthful information even though a prosecution does not result, in this case, the court is unable to find that Mr. Frye provided full and truthful information as to the matter investigated by the Pend Oreille County Prosecuting Attorney.
 
 
 13
 The district court did not grossly abuse its discretion in denying the Rule 35(b) motion. The district court acted well within its discretion in finding that Frye had not provided full and truthful information. Frye was unable to successfully complete a polygraph examination questioning his role in the crime being investigated. The district court relied on this and the testimony of the detectives that Frye was not fully truthful. A district court's credibility determinations are entitled to great deference. See United States v. Barbosa, 906 F.2d 1366, 1370 (9th Cir.), cert. denied, 498 U.S. 961 (1990).
 
 IV
 
 14
 Frye also raises two arguments based on the United States Sentencing Guidelines. Frye first argues that the assistance he provided should have culminated in a motion to depart under Sentencing Guideline 5K1.1. Frye also argues that the district court should not have considered the results of the polygraph examinations because they are incriminating evidence under Guideline 1B1.8.
 
 
 15
 First, 5k1.1 is inapplicable because Frye had already been sentenced. The only means by which a district court may resentence a defendant is via a court of appeals mandate or via a Rule 35 motion. United States v. Stump, 914 F.2d 170, 172 (9th Cir. 1990).
 
 
 16
 Assuming Guideline 1B1.8(a)'s bar on the use of incriminating evidence could apply to a Rule 35(b) motion, it is inapplicable to this case. Guideline 1B1.8(a) bars use of incriminating evidence only if the cooperation agreement between the Government and the defendant expressly precludes the use of such information. U.S.S.G. 1B1.8(a). Both Frye and the Government agree that the transcripts of two telephone conversations between Frye's counsel and Metzger constitute the cooperation agreement. Nowhere in this agreement does the Government agree not to use self-incriminating evidence against the defendant in determining whether he has provided substantial assistance.
 
 V
 
 17
 Frye also argues that the Government's conduct was improper. It is unclear exactly what Government behavior Frye believes was improper. In his briefs, Frye seems to be arguing that the Government acted improperly by breaching the agreement reached by the parties. Frye and Metzger agreed that if Frye provided substantial assistance the Government would act in good faith to seek a reduction in sentence from the district court. The Government fully abided by the agreement. The Government filed the Rule 35(b) motion, successfully sought Frye's release from prison pending resentencing and, as Frye conceded in his opening brief, "the district court was presented with evidence of defendant [sic] substantial cooperation." The Government's conduct in this case was not improper.
 
 
 18
 Frye's reliance on United States v. Treleaven, 35 F.3d 458 (9th Cir. 1994) is misplaced. In Treleaven, the Government declined a defense offer to testify against other defendants in exchange for a downward departure. Id. at 460. The Government proceeded to subpoena the defendant to testify at grand jury proceedings concerning the crimes at issue. We held that the Government acted improperly and remanded to the district court to consider, in its discretion, a downward departure for substantial assistance. Id. at 462. Treleaven is completely inapposite to the case at hand.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Dickran M. Tevrizian, Jr., United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Government's brief states that Frye was to be released from prison on July 16, 1995. His release does not moot this appeal because the denial of the Rule 35(b) motion could have the collateral consequences of enhancing his criminal history category under the Sentencing Guidelines for any future crimes. United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 502 U.S. 943 (1991); U.S.S.G. Sec. 4A1.1