69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Avedis KHAWALOUJIAN, Defendant-Appellant.
 No. 94-50031.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1995.*
Decided Oct. 30, 1995.
 
 1
 Before: HUG, and LEAVY, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Avedis Khawaloujian appeals his sentence upon entering a plea of guilty for aiding and abetting the laundering of monetary instruments in violation of 18 U.S.C. Sec. 2 and 18 U.S.C. Sec. 1957(a). Khawaloujian argues that the district court erred in not departing downwards from his sentencing range under U.S.S.G. Sec. 5K1.1 based upon his substantial assistance.
 
 FACTS
 
 4
 On August 17, 1993, Khawaloujian was charged in a 22-count indictment with conspiracy to launder monetary instruments in violation of 18 U.S.C. Secs. 371 and 1956; to engage in monetary transactions which derived property from unlawful activity in violation of 18 U.S.C. Secs. 371 and 1957; to aid and abet others in possession and distribution of cocaine in violation of 21 U.S.C. Secs. 841 and 846 and 18 U.S.C. Sec. 2; possession with intent to distribute a controlled substance and aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2; aiding and abetting the laundering of monetary instruments in violation of 18 U.S.C. Secs. 2 and 1956(a)(1); and aiding and abetting and engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. Secs. 2 and 1957(a).
 
 
 5
 Pursuant to a case settlement agreement, Khawaloujian pled guilty to one count of aiding and abetting money laundering. As part of the agreement, Khawaloujian agreed to cooperate or assist the Government and the Government agreed to bring his cooperation to the court's attention. The agreement stated that " 'cooperation' requires you ... [t]o respond truthfully and completely to any and all questions or inquiries that may be put to you." In exchange for that cooperation, the Government agreed to consider requesting the court to depart downward in his sentence.
 
 
 6
 This Office is willing to consider in good faith future cooperation provided by you in determining in good faith whether any such motions for departure are appropriate. You understand that any decision to move for a reduction of your sentence is within the exclusive, reasonable discretion of this Office and that a decision by this Office not to file a motion for a downward departure will not allow you to withdraw your plea of guilty or fail to comply with your obligations, as set forth in this agreement. Such departures and reductions are contingent upon your completely truthful, forthright, and honest assistance and information.
 
 
 7
 After Khawaloujian pled guilty, the Government interviewed him once. The Government believed that the information he gave was neither truthful nor useful. The Government, therefore, did not recommend a downward departure under U.S.S.G. Sec. 5K1.1. The district court found that the Government did not act in bad faith in refusing to file a downward departure motion. Khawaloujian objected, and this appeal followed. We now affirm the district court's ruling.
 
 DISCUSSION
 
 8
 A district court has the authority to review the Government's refusal to file a substantial-assistance motion if the defendant makes a substantial threshold showing that the Government's refusal had an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-56 (1992). In order to be entitled to such relief, a defendant must make a "substantial threshold showing," which must include more than "a claim that [he has] provided substantial assistance" and "generalized allegations of improper motive." Id. at 186. An improper motive exists where the government's refusal constitutes a breach of the plea agreement. United States v. De La Fuente, 8 F.3d 1333, 1340 (9th Cir.1993). We review the factual questions concerning the motive for clear error. United States v. Burrows, 36 F.3d 875, 884 (9th Cir.1994).
 
 
 9
 In the present case, the district court held a hearing where it determined the Government did not act in bad faith in stating that Khawaloujian presented no substantial assistance to the Government. Khawaloujian is unable to show a clear error in this judgment. Instead, he directs our attention to De La Fuente and United States v. Treleaven, 35 F.3d 458 (9th Cir.1994) where we held that the defendant did render substantial assistance. However, in both of these cases the defendant actually provided testimony against another party. Additionally, in both cases, the defendant was able to show an improper motive for the prosecutors' actions. No such mitigating factors exist here.
 
 
 10
 Because Khawaloujian is unable to show that the district court committed clear error when it determined that his assistance was not substantial, we affirm.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3