77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro Abreu DILONE, aka Jaime Herman Tirado, Defendant-Appellant.
 No. 94-30118.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Abreu Dilone appeals his sentence following the entry of a guilty plea to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Dilone asserts that: (1) the government's failure to move for a downward departure under U.S.S.G. § 5K1.1 was based on a constitutionally suspect motive; (2) the district court erred by failing to grant a downward departure for coercion under U.S.S.G. § 5K2.12; and (3) the district court's finding that Dilone was not a minor participant is clearly erroneous. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Although Dilone waived his right to appeal his sentence in his plea agreement, the waiver is unenforceable in light of the district court's statements that Dilone could appeal his sentence, and we will therefore consider Dilone's contentions. See United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995).
 
 
 4
 Dilone first contends that the government's failure to file a substantial assistance motion under U.S.S.G. § 5K1.1 was motivated by his status as a Dominican national and legal alien.
 
 
 5
 "A sentencing court ordinarily cannot grant a downward departure for substantial assistance in the absence of a government motion." See United States v. Treleaven, 35 F.3d 458, 460 (9th Cir.1994). If, however, a defendant makes a substantial threshold showing that the government's refusal to file such a motion was motivated by a constitutionally impermissible factor, such as a defendant's race or religion, the sentencing court has the authority to review the government's refusal and to grant a remedy if such an unconstitutional motive is proved. See Wade v. United States, 504 U.S. 181, 185-86 (1992); Treleaven, 35 F.3d at 460-61. A substantial threshold showing must include specific allegations, such as evidence that the government failed to file the motion for suspect reasons or that the failure was not rationally related to any legitimate government end. See Treleaven, 35 F.3d at 461.
 
 
 6
 Here, Dilone's allegations are general in nature; he presents no specific evidence that the government failed to move for a downward departure because of his status as a Dominican national or as an alien. See Wade, 504 U.S. at 186; Treleaven, 35 F.3d at 461. Moreover, the government stated that it did not believe that Dilone provided substantial assistance; this is a rational explanation for its failure to move for a downward departure under U.S.S.G. § 5K1.1. See Treleaven, 35 F.3d at 461. Because Dilone has failed to make the necessary substantial threshold showing for relief, we reject his contention. See Wade, 504 U.S. at 186; Treleaven, 35 F.3d at 461.
 
 
 7
 Dilone next asserts that the district court erred by failing to grant a downward departure for coercion or duress pursuant to U.S.S.G. § 5K2.12. Because he did not request such a departure from the district court, we will not consider the issue for the first time on appeal. See, e.g., United States v. Quesada, 972 F.2d 281, 283-84 (1992), cert. denied, 113 S.Ct. 1348 (1993).
 
 
 8
 Dilone's final contention is that the district court erred by finding that Dilone was not a minor participant.
 
 
 9
 We review for clear error a district court's finding that a defendant was not a minor participant. See United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994). A defendant is not automatically entitled to a sentence reduction simply because he is less culpable than his co-participants. See U.S.S.G. § 3B1.2(b), comment. (backg'd.) (defendant must be "substantially less culpable than the average participant"); United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995).
 
 
 10
 Here, the record shows that Dilone was aware that he was assisting in the delivery of a package that he knew contained two kilograms of cocaine. The record indicates that Dilone informed a co-conspirator of the location of the package and asked the co-conspirator to retrieve the package. These facts do not indicate that Dilone was "substantially less culpable than the average participant," and the district court therefore did not clearly err by refusing to grant a reduction in Dilone's sentence. See U.S.S.G. § 3B1.2(b), comment. (backg'd.); Pinkney, 15 F.3d at 828.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3