97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew Anthony MOTE, Defendant-Appellant.
 No. 95-30372.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 19, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew Anthony Mote appeals his 21-month sentence following a guilty plea to one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Mote contends that the district court erred by denying his motion for resentencing because the government breached the plea agreement when it failed to move for a downward departure under U.S.S.G. § 5K1.1. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, United States v. Meyers, 32 F.3d 411, 413 (9th Cir.1994) (per curiam), and affirm.
 
 
 3
 "A plea agreement is contractual in nature and is subject to contract law standards." United States v. Floyd, 1 F.3d 867, 870 (9th Cir.1993). To determine whether a plea agreement was breached, we look to what was reasonably understood by the defendant when he entered the plea. United States v. De la Fuente, 8 F.3d 1333, 1337-38 (9th Cir.1993). "It is a fundamental rule of contract law that the terms of a clear and unambiguous written contract cannot be changed by parol evidence." United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir.1996) (citing United States v. Gamble, 917 F.2d 1280, 1282 (10th Cir.1990).
 
 
 4
 The government has the power, not a duty, to seek a downward departure for substantial assistance under U.S.S.G. § 5K1.1. Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Burrows, 36 F.3d 875, 884 (9th Cir.1994). Ordinarily, a sentencing court cannot grant a downward departure for substantial assistance in the absence of a government motion. See United States v. Treleaven, 35 F.3d 458, 460 (9th Cir.1994). If, however, the defendant makes a substantial threshold showing that the government acted arbitrarily or based its refusal on unconstitutional motives, the sentencing court may review the government's refusal and grant a remedy if such an unconstitutional motive is proved. See Wade, 504 U.S. at 185-86; Burrows 36 F.3d at 884. A substantial threshold showing includes specific allegations, such as evidence that the government failed to file the motion for suspect reasons or that the failure was not rationally related to any legitimate government end. See Treleaven, 35 F.3d at 460-61.
 
 
 5
 Mote's plea agreement stated that "the government alone will determine whether it will apply for any additional offense level reduction under U.S.S.G. § 5K1.1 or F.R.Cr.P. 35 in return for your client's full and truthful cooperation." The government did not breach the plea agreement because the parties stipulated in the agreement that the decision to file a motion for a substantial assistance departure was solely within the government's discretion. See Ajugwo, 82 F.3d at 928-29. Because the plain language of the plea agreement was clear and unambiguous, no breach occurred. See Ajugwo, 82 F.3d at 928-29; Floyd, 1 F.3d at 870.
 
 
 6
 Essentially, Mote disagrees with the government's determination that his cooperation was not substantial enough to entitle him to a § 5K1.1 motion. Nevertheless, his sentence is unreviewable unless Mote shows the government based its decision on unconstitutional motives. See Wade, 504 U.S. at 185-86; Burrows 36 F.3d at 884.
 
 
 7
 During plea negotiations, the government expressly promised to recommend a four-level downward departure in an attempt to reach a sentence of 30 months for Mote's co-defendants. Mote contends that the government was required to move for a four-level downward departure at sentencing because it did so for his three co-defendants. Mote's argument that the government acted arbitrarily by refusing to move for a departure for him fails because the government's action was rationally related to the legitimate end of complying with its plea agreements and exercising its discretion in order to bring about a fair sentence. See Treleaven, 35 F.3d at 460-61. Because Mote's allegations against the government do not constitute unconstitutional motives, he fails to meet the substantial threshold requirement. See Wade, 504 U.S. at 185-86; Burrows 36 F.3d at 884. Accordingly, the district court did not err by denying Mote's motion for resentencing. See Treleaven, 35 F.3d at 460.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3