104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Max JIMENEZ, aka Juan Carlos Lopez-Gil; aka John
Doe; aka Carlos Max Jiminez, Defendant-Appellant.
 No. 96-50221.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Max Jiminez appeals his 60-month sentence imposed following his guilty plea to possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Jiminez contends that the district court erred by failing to grant a downward departure under U.S.S.G. 5K1.1 because the government's refusal to file the downward departure motion was not related to a legitimate governmental interest. We review the court's factual determinations regarding the government's motive for clear error. See United States v. Burrows, 36 F.3d 875, 884 (9th Cir.1994). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The government has "a power, not a duty to file a [downward departure] motion when a defendant has substantially assisted" the government in its investigation or prosecution of other offenses. United States v. Wade, 504 U.S. 181, 185 (1992); see also 18 U.S.C. § 3553(e) (1994) (upon government's motion, district court may depart for defendant's substantial assistance to authorities); U.S.S.G. § 5K1.1 (1993) (same). The government's refusal to move for a substantial-assistance departure is not reviewable unless it "was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to any legitimate government purpose." United States v. Treleaven, 35 F.3d 458, 461 (9th Cir.1994). In order to be entitled to such relief, a defendant must make a "substantial threshold showing," which must include more than a "claim that [he has] provided substantial assistance" and "generalized allegations of improper motive." Wade, 504 U.S. at 186.
 
 
 4
 Here, Jiminez contends that the government improperly withheld a downward departure motion because it feared that the district court judge would depart below the government's recommendation. The district court considered this assertion during the sentencing hearing and stated that the government was in the best position to evaluate the Jiminez's assistance and whether it warranted a downward-departure motion. We find no clear error in this judgment. See Burrows, 36 F.3d at 884. There is no evidence that the government acted in bad faith by withholding the motion, especially in light of the fact that Jiminez failed to present the government with any substantial assistance. Jiminez's reliance on Treleaven is inapposite because in that case the defendant actually provided testimony against another party and was able to show an improper motive for the prosecutors' actions. See 35 F.3d at 461.
 
 
 5
 Because Jiminez is unable to show that the government's refusal to file a downward departure motion was based on an impermissible motive, we affirm.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court was not in a position to grant downward departure, we reject Jiminez's assertion that the court erred by failing to make factual findings as to the extent of his claimed cooperation. See Treleaven, 35 F.3d at 460 ("A sentencing court ordinarily cannot grant a downward departure for substantial assistance in the absence of a government motion.")