111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nersis BAGHDASARIAN, Defendant-Appellant.
 No. 96-50042.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided April 9, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant-Appellant Nersis Baghdasarian ("Baghdasarian") plead guilty to, and was convicted of, conspiracy to commit robbery in violation of 18 U.S.C. § 1951, and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Baghdasarian to a 96 month term of imprisonment. Baghdasarian appeals the district court's imposition of the sentence on the grounds that (i) the government breached its plea agreement; and (ii) that Bailey v. United States, 116 S.Ct. 501 (1995), requires reversal of the firearm conviction.
 
 I.
 
 4
 The Court finds that there is no evidence in the record to support Baghdasarian's contention that he was induced to plead guilty by the government's promise to dismiss the firearm charge.[1] Indeed, much of the record contradicts Baghdasarian's naked assertion that a promise had been made. For example, Baghdasarian's own Position Statement states that "defendant was advised by the United States Attorney's office that, in exchange for his cooperation, the government would ... possibly recommend that the gun charges against the defendant be dropped." (emphasis added). To the extent that Baghdasarian relies on United States v. Treleaven, 35 F.3d 458 (9th Cir.1994), the Court finds that Treleaven does not compel the relief Baghdasarian seeks here.
 
 II.
 
 5
 The Court finds that the evidence in this case was sufficient to support Baghdasarian's firearm conviction on the basis that Baghdasarian carried a gun in connection with his crime of violence. It is undisputed that Baghdasarian had placed a loaded 9mm KSI pistol on the driver's side floor of his car. The gun was within Baghdasarian's reach and immediately available for his use. United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996); United States v. Staples, 85 F.3d 461, 464 (9th Cir.), cert. denied, 117 S.Ct. 318 (1996). The Court also notes that at his guilty plea, Baghdasarian admitted that he had carried a firearm in connection with his crime of violence. Accordingly, Bailey does not require reversal of Baghdasarian's firearm conviction.
 
 
 6
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Baghdasarian's initial Opening Brief also argued that the government breached the plea agreement by only recommending a one-level departure for Baghdasarian's assistance to the government. Baghdasarian did not include this argument in his Errata to his Opening Brief, perhaps realizing that the plain language of the plea agreement clearly indicated that the decision to move for a departure was left solely to the discretion of the United States Attorney's Office