**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Maximino RUBIO, aka Maxi Rubio, Defendant–Appellant.**

**No. 02–50320.**

**D.C. No. CR–00–00084–VAP–3.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 12, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

 

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Jose Rubio appeals his 120-month sentence imposed following his guilty plea conviction for one count of possession with intent to distribute more than 500 grams of methamphetamine and one count of possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). We dismiss the appeal.

Rubio contends that the government breached the plea agreement by failing to file a motion for a downward departure pursuant to 18 U.S.C. § 3553(e) based on his substantial assistance to the authorities, and that the district court erred by failing to impose a 4-level reduction for his minimal role in the offense pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2. The government responds that this appeal is foreclosed by a valid waiver. We agree with the government.

The government was not required to file a § 3553(e) substantial assistance motion, and its stated reasons for refusing to do so were not unconstitutionally motivated. *See United States v. Treleaven,* 35 F.3d 458, 461 (9th Cir.1994). Similarly, the record demonstrates that the district court imposed a sentence within the terms negotiated by the parties. Because we find that there was no breach of the plea agreement, we enforce the valid appeal waiver contained therein and dismiss Rubio's appeal. *See United States v. Schuman,* 127 F.3d 815, 817–18 (9th Cir.1997) (per curiam).

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

