UNITED STATES of America, Plaintiff—Appellee,

v.

Julien Florencio GALAVIZ–PAYAN, aka Florencio Galviz–Payan, Defendant—Appellant.

No. 03–10237.

D.C. No. CR–01–01748–DCB/CRP.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Nov. 13, 2003.

Cynthia R. Wood, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Alfred Islas, Tucson, AZ, for Defendant–Appellant.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Florencio Galaviz–Payan appeals his 136–month sentence following his unconditional guilty plea to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1). Galaviz argues that the district court erred when it refused to conduct an evidentiary hearing on his claim that the Government acted in bad faith by refusing to move for downward departure for substantial assistance under U.S.S.G. § 5K1.1. The Government seeks to dismiss for lack of jurisdiction. We conclude we have jurisdiction, and we affirm.

## DISCUSSION

As a preliminary matter, the Government argues that Galaviz entered an unconditional guilty plea and thereby waived his right to appeal. We acknowledge that an "unconditional guilty plea constitutes a waiver of the right to appeal

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." *See United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997). Here, Galaviz challenges the Government's failure to file a substantial assistance motion. That conduct occurred after the plea and is therefore reviewable. *See United States v. Ruiz*, 241 F.3d 1157, 1163 (9th Cir.2001) (permitting appeal of Government's refusal to recommend departure notwithstanding defendant's unconditional plea), *rev'd on other grounds*, 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002); *United States v. Reyes–Platero*, 224 F.3d 1112, 1114–15 (9th Cir.2000) (noting unconditional guilty plea precludes review of conviction but not sentence).

■ In the absence of a government motion, the district court generally lacks authority to grant a downward departure for substantial assistance. *United States v. Treleaven*, 35 F.3d 458, 460 (9th Cir. 1994). The sentencing court may, however, review the Government's refusal to file such a motion and grant relief if it finds that such refusal was premised upon an "unconstitutional motive." *Id.* To obtain an evidentiary hearing, the defendant bears the burden of coming forward with a "substantial threshold showing" that the Government "refused to file a motion for suspect reasons such as his race or his religion or that the prosecutor's refusal to move was not rationally related to any legitimate Government end." *Id.* at 461 (internal quotations omitted).

Galaviz failed to make a substantial threshold showing that he was entitled to a downward departure in the absence of a Government motion. He has neither alleged that the Government refused to file a motion for suspect reasons, nor did he provide any evidence that the Government acted improperly in refusing to file a motion. The Government clearly explained why it declined to file a substantial assistance motion and Galaviz has offered nothing to refute the Government's assertion that he provided incorrect and inconsistent information. By the express terms of the proffer agreement, Galaviz was on notice that the Government was under no obligation to file a substantial assistance motion. Galaviz expressly accepted this term when he executed the agreement. The district court did not err when it denied Galaviz's request for an evidentiary hearing to challenge the Government's refusal to file a substantial assistance motion.

AFFIRMED.