UNITED STATES of America, Plaintiff–Appellee,

v.

**Ciji KIDD, Defendant–Appellant.**

No. 03–50467.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Filed Sept. 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nancy Kardon, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Arther Greenspan, The Chase Law Group, Studio City, CA, for Defendant–Appellant.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.*

MEMORANDUM **

In June 2002, a federal grand jury entered an eight-count indictment charging twelve defendants, including Appellant Ciji Kidd ("Defendant" or "Kidd") with various charges involving the manufacture and sale of crack cocaine. Kidd was named in one count of the indictment, for knowingly and intentionally conspiring to possess with the intent to distribute, and distributing more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Kidd now appeals the sentence imposed following her guilty plea, which triggered a 10–year mandatory minimum sentence under 21 U.S.C § 841(b)(1)(A)(iii).

Kidd argues that the government breached the plea agreement by failing to move for a § 5K1.1 substantial assistance downward departure in spite of the infor-

mation she proffered regarding unrelated individuals, crimes, and cases. Kidd argues that the government breached the plea agreement and therefore that the waiver of appeal in her plea agreement does not bar this appeal.

The district court held that the government did not act pursuant to an improper motive in choosing not to file a departure motion, and sentenced Kidd to the statutory minimum of 120 months confinement.

Generally, breach of plea agreement issues not brought at the trial court level cannot be raised for the first time on appeal. *United States v. Maldonado,* 215 F.3d 1046, 1051 (9th Cir.2000). Here however, the record clearly indicates that Defendant sufficiently argued breach of her plea agreement contention before the district court and thus, the issue is properly before this court.

"Plea agreements are contractual in nature and are measured by contract law standards." *United States v. Keller,* 902 F.2d 1391, 1393 (9th Cir.1990). Therefore, the government is "required to make a 'good faith evaluation' of Defendant's assistance ... and to determine whether it warranted a § 5K1.1 motion." *United States v. Quach,* 302 F.3d 1096, 1102 (9th Cir.2002).

"[If] a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (ordering specific performance where prosecution made promise to defendant that it would file a departure motion). Thus, a district court

---

* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

can order specific performance of a prosecutor's express promise to make a motion for a substantial assistance departure. *United States v. De la Fuente*, 8 F.3d 1333, 1340–41 (9th Cir.1993).

On this record, the government made no specific promise to Defendant that it would move for a substantial assistance departure. The plea agreement at issue states:

> If the [United States Attorney's Office ("USAO")] determines, in its exclusive judgment, that defendant has provided substantial assistance to law enforcement in the prosecution or investigation of another ("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to impose a sentence below the sentencing range otherwise dictated by the sentencing guideline. In addition, if the USAO determines, in its exclusive judgment, that defendant has provided substantial assistance meriting a sentence below the mandatory minimum term of imprisonment dictated by statute, the USAO will move the Court pursuant to 18 U.S.C. § 3553(e) to impose a sentence below the mandatory minimum term, provided that defendant complies with all defendant's obligations under this agreement.

The plea agreement also provided that "[a]t this time the USAO makes no agreement or representation as to whether any cooperation that defendant has provided or intends to provide constitutes substantial assistance," that "[t]he decision whether defendant has provided substantial assistance rests solely within the discretion of the USAO," and that other than what is contained in the plea agreement, "there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel." Ninth Circuit law is clear that the plea agreement is to be interpreted as Kidd could have reasonably understood it at the time of her plea. *See,*

*e.g., De la Fuente*, 8 F.3d at 1338 n. 8. Consistent with the plain language of the plea agreement, Kidd twice affirmed during her plea colloquy that there were no additional negotiations or agreements with the prosecution other than what was contained in the plea agreement.

The plain language of the plea agreement specifically provides that the government was not required to accept any cooperation or assistance that Defendant may have offered, or to use it in any particular way. Because the plea agreement states that all discretionary power was retained by the government, Defendant can argue nothing more than that her reasonable expectation was to receive good-faith consideration of her assistance.

As stated in *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), "[t]he government's decision not to move [for a departure] may have been based not on a failure to acknowledge or appreciate Wade's help, but simply on its rational assessment of the cost and benefit that would flow from moving." *Id.* at 187, 112 S.Ct. 1840. Here, the record reflects that the government considered the information Kidd provided, for it determined that none of the information was useful for the prosecution of Kidd's co-defendants.

Further, the language of the plea agreement clearly provides that "nothing in this agreement requires the USAO or any other prosecuting or law enforcement agency to accept any cooperation or assistance that defendant may offer, or use it in any particular way." The government's exercise of discretion in this instance was within the terms of the plea agreement, which vested it with sole authority and discretion to determine whether Defendant had rendered substantial assistance.

Under *Wade*, a defendant is entitled to an evidentiary hearing if she presents evidence constituting a "substantial threshold

showing" that the government's decision not to file for departure was made due to an improper motive. *Wade,* 504 U.S. at 186, 112 S.Ct. 1840. The substantial threshold burden requires more than "generalized allegations of improper motive," but must involve specific allegations such as evidence that the government's decision not to file a departure motion was based on suspect reasons such as race or religion, or that the decision was not rationally related to any government end. *Id.; see also United States v. Treleaven,* 35 F.3d 458, 461 (9th Cir.1994). The Supreme Court has held that the mere argument that a party provided substantial assistance is not sufficient to meet *Wade's* substantial threshold requirement. *Wade,* 504 U.S. at 186–87, 112 S.Ct. 1840.

Here, Defendant has failed to provide any evidence supporting her allegations that the government's decision not to file a departure motion was in bad faith, or was not rationally related to any legitimate government end. Rather, Defendant's allegations of impropriety are either foreclosed by the plain language of the plea agreement or generalized allegations that the government acted in bad faith by concluding that Defendant's information was not useful, and therefore did not merit a departure.

Although the Ninth Circuit has held that "[b]reaching the terms of a plea agreement ... is not a legitimate governmental purpose," as discussed above, the government did not breach the plea agreement by opting not to file a departure motion. *De la Fuente,* 8 F.3d at 1341 (emphasis omitted). Here, the record reflects that the government evaluated the information that Defendant proffered. That the government chose not to use the information was entirely within its discretion under the plea agreement.

Defendant has failed to make the requisite threshold showing that the government acted pursuant to an impermissible or suspect motive in refusing to file a departure motion before the district court. Thus, Defendant was not entitled to an evidentiary hearing.

In declaring that Defendant's allegations of improper motive failed, the district court adequately refuted the Defendant's other arguments reframing the same issue. Fed.R.Crim.P. 32(i)(3)(B). The sentence imposed by the district court is upheld.

**AFFIRMED.**