UNITED STATES of America,
Plaintiff–Appellee,

v.

Barry Royce JONES, Jr., Defendant–
Appellant.

No. 06–30608.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 2008.

Filed Jan. 18, 2008.

---

James E. Seykora, Esq., Billings, MT, for Plaintiff–Appellee.

Leo Sanford Selvey, Billings, MT, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Defendant Barry Royce Jones, Jr., appeals the sentence imposed by the district court following his guilty plea to one count of conspiracy to manufacture over 500 grams of methamphetamine in violation of 21 U.S.C. § 846. Jones argues that the government breached the plea agreement by failing to file a motion under U.S.S.G. § 5K1.1, and that the government improperly relied on the future availability of a sentence reduction under Fed.R.Crim.P. 35(b) in deciding not to file a § 5K1.1 motion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.[1]

This court has not settled on a standard of review for determining whether the government has breached a plea agreement. *See United States v. Transfiguracion,* 442 F.3d 1222, 1227 (9th Cir.2006) (noting that it is either clear error or de novo). Be-

cause the district court in the present case did not interpret the plea agreement, we review de novo.

Plea agreements are contracts and are construed according to "the ordinary rules of contract interpretation." *Id.* at 1228 (quoting *Brown v. Poole,* 337 F.3d 1155, 1159 (9th Cir.2003)). Jones' plea agreement provided that the government was not obligated to file a § 5K1.1 motion if it determined that the information Jones provided was either untruthful, willfully incomplete, of little value, or insubstantial. Jones did provide information, but the government determined that it was of little value because it did not result in any arrests, indictments, or convictions. After making this determination, by the terms of the plea agreement, the government was not required to file a § 5K1.1 motion.

Because the government's decision not to file a § 5K1.1 motion was in accordance with the plea agreement, its further comment at sentencing that Rule 35(b) relief could be available in the future is of no import. Therefore, *United States v. Quach,* 302 F.3d 1096 (9th Cir.2002), on which Jones relies, does not apply, and the district court did not commit any error in the imposition of sentence.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We also deny Jones' motion to supplement the record with an order from an unrelated case.