**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

v.

JUAN GABRIEL FLORES, AKA
Abraham Goytia,
   *Defendant-Appellant.*

No. 08-30076

D.C. No.
1:06-cr-00155-RFC-
1

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted January 21, 2009*
Seattle, Washington

Filed March 18, 2009

Before: Thomas M. Reavley,** Senior Circuit Judge,
Richard C. Tallman and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Reavley

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Thomas M. Reavley, Senior United States Circuit
Judge for the Fifth Circuit, sitting by designation.

## COUNSEL

Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana, for the plaintiff-appellant.

James E. Seykora, Assistant United States Attorney, Billings, Montana, for the defendant-appellee.

## OPINION

REAVLEY, Senior Circuit Judge:

Defendant-Appellant Juan Flores appeals the sentence imposed by the district court, asserting that the Government wrongfully refused to move for a substantial assistance sentencing reduction under U.S.S.G. § 5K1.1, even though he allegedly provided information useful to the investigation of criminal activity, and that the district court erred in denying his request for an evidentiary hearing to evaluate the extent of his assistance. We affirm.

## I.   Background

Defendant pleaded guilty to a charge of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, pursuant to a plea agreement in which the Government promised to dismiss two other charges and to recommend a sentencing reduction for Defendant's acceptance of responsibility. The agreement also contemplated a "[p]otential [d]eparture" for Defendant's substantial assistance in the form of a motion under either U.S.S.G. § 5K1.1, Fed. R. Crim. P. 35, or both. "Substantial assistance" is defined in the agreement as "complete, truthful, forthright, material, important, valuable and meaningful information." The Government's obligations are prescribed in the agreement as follows:

> The United States will consider and evaluate any written proffer or nature of information and the recommendations of law enforcement. If the prosecution concludes that the assistance provided is substantial, truthful, and complete, as required, a departure motion determined by the government to be appropriate under the circumstances will be made. **By this agreement the defendant is not offered or promised that a departure motion, or any specific type of motion, will be filed by the [G]overnment.** The defendant acknowledges that no promise has been made and accepts this agreement that *no such motion will be filed if the [G]overnment determines that the information is either untruthful, willfully incomplete, of little value, or insubstantial.*

(second emphasis added). Defendant acknowledged at his subsequent re-arraignment that the Government had neither offered nor promised a departure motion under the plea agreement.

It is undisputed that Defendant met with and provided truthful information to two DEA agents and the prosecutor. Based on this cooperation, Defendant stated in his pre-sentence submission that he expected the Government to move for a departure based on his substantial assistance. However, the Government notified Defendant that it would not file a § 5K1.1 motion.

At his sentencing, Defendant asserted that the Government had refused in bad faith to file a § 5K1.1 motion and requested an evidentiary hearing at which he sought to prove his substantial assistance through the testimony of the DEA agents and the prosecutor. The prosecutor acknowledged that Defendant had begun to cooperate, but explained that his assistance was not substantial as of that date because the Government had not yet indicted or arrested anyone based on the information he provided. The district court accepted the Gov-

ernment's representation, and, relying on *United States v. Jones*, 264 F. App'x 616 (9th Cir. 2008) (unpublished decision), denied Defendant's request for an evidentiary hearing. Without specifically addressing Defendant's further request that a reduction for substantial assistance was warranted under 18 U.S.C. § 3553(a) despite the Government's failure to request it, the court then imposed a within-Guidelines sentence of 170 months' imprisonment.

## II.  Discussion

We review the legality of Defendant's sentence de novo, but the district court's factual findings regarding the Government's reasons for refusing to file a § 5K1.1 motion are reviewed for clear error. *United States v. Murphy*, 65 F.3d 758, 762 (9th Cir. 1995). "Whether the district court is required to enforce a plea agreement is a question of law subject to de novo review." *United States v. Patterson*, 381 F.3d 859, 863 (9th Cir. 2004). However, "there is a conflict in our case law concerning the proper standard to be applied to a district court's interpretation of a plea agreement." *United States v. Transfiguracion*, 442 F.3d 1222, 1227 (9th Cir. 2006) (citing conflicting authorities prescribing either de novo or clear error review). We need not resolve this conflict, however, because the result is the same under either standard. *See United States v. Franco-Lopez*, 312 F.3d 984, 988-89 (9th Cir. 2002).

Defendant contends that he provided information material to the investigation of other criminal activity, and the district court erred by deferring to the Government's characterization of his assistance as insubstantial merely because it had not resulted in any arrests or indictments. In Defendant's view, the court should have granted his request for an evidentiary hearing to determine whether his assistance was substantial because the absence of any arrests or indictments are attributable to the Government's own failure to act on the information he provided. Defendant further construes the

Government's inaction as a breach of its obligations under the plea agreement.

[1] Section 5K1.1 permits a district court to depart from the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. This provision empowers the government to move for a departure when a defendant has substantially assisted, but it imposes no duty to do so. *See Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840 (1992); *United States v. Arishi*, 54 F.3d 596, 597 (9th Cir. 1995). Even if a defendant has provided substantial assistance, we may not grant relief unless the government's refusal to file a § 5K1.1 motion was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to a legitimate governmental purpose. *See United States v. Treleaven*, 35 F.3d 458, 461 (9th Cir. 1994) (citing *Wade*, 504 U.S. at 185-86, 112 S. Ct. 1840). Our precedent also requires the Government to make a good faith evaluation of a defendant's assistance as of the date of sentencing to determine the appropriateness of a § 5K1.1 motion. *See United States v. Quach*, 302 F.3d 1096, 1102 (9th Cir. 2002). Thus, the Government may not defer its evaluation of a defendant's pre-sentence assistance by relying on the possibility of a post-sentencing departure motion under Fed. R. Crim. P. 35. *See id.* at 1102 (construing such a deferral as an improper conflation of the temporal distinction between pre- and post-sentence assistance under § 5K1.1 and Fed. R. Crim. P. 35, respectively); *see also United States v. Awad*, 371 F.3d 583, 586, 589-90 (9th Cir. 2004) (holding the district court abused its discretion by imposing a sentence based on the government's incomplete evaluation of the defendant's admittedly substantial pre-sentence assistance and allowing the government to revisit the issue at a later date). But whether the assistance provided was actually substantial is a decision that better rests with the prosecutor, not the court. *United States v. Burrows*, 36 F.3d 875, 884 (9th Cir. 1994).

**[2]** Here, the Government evaluated Defendant's assistance and deemed it insubstantial because it had not resulted in any arrests or indictments as of the time of sentencing. Although the Government also noted that Defendant's information might eventually lead to arrests or indictments of others, this observation does not detract from the fact that the Government fulfilled its limited obligation to timely assess the quality of his assistance. Having made the requisite determination, the Government did not improperly defer its assessment of the assistance provided, as it did in *Awad* and *Quach*.

**[3]** The Government's broad discretion to determine the appropriateness of a substantial assistance motion is also embodied in the plea agreement. As Defendant acknowledged, both in the agreement and orally at his re-arraignment, the agreement plainly disclaimed any obligation or promise on the part of the Government to file a substantial assistance motion, and further cautioned that no such motion would be filed if the Government were to find the information to be "untruthful, willfully incomplete, of little value, or insubstantial." Because these terms vest discretion in the Government to evaluate the quality of Defendant's assistance, the most Defendant could expect was a good faith evaluation of the information he provided. This is what he received. In a recent unpublished case, we construed identical language in a plea agreement not to require a § 5K1.1 motion when the Government deemed the information provided to be "of little value because it did not result in any arrests, indictments, or convictions." *Jones*, 264 F. App'x at 617. We similarly conclude here that the Government acted within its express discretion under the agreement when it determined that the absence of arrests, indictments, or convictions resulting from Defendant's information rendered his assistance insubstantial as of the time of sentencing. The Government's refusal to move for a substantial assistance reduction therefore did not breach the plea agreement.

**[4]** Finally, Defendant's insistence that he provided substantial assistance does not entitle him to an evidentiary hear-

ing. *See Wade*, 504 U.S. at 186, 112 S. Ct. 1840 ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing."). To warrant a hearing, Defendant must make a substantial threshold showing that the Government's refusal to file a § 5K1.1 motion was unconstitutional, arbitrary, or breached the plea agreement. *Treleaven*, 35 F.3d at 461. As noted above, the Government acted within its discretion under the plea agreement when it found Defendant's assistance insubstantial and accordingly refused to move for a reduction. Defendant has also not alleged, much less shown, that the Government's decision was based on an unconstitutional motive. He merely asserts that the Government's failure to arrest or indict anyone based on the information he provided suggests arbitrariness or bad faith. That the Government's investigation had not culminated in arrests or indictments as of the time of sentencing, by itself, does not suggest the presence of an illicit motive, and Defendant failed to present any evidence substantiating the type of misconduct from which bad faith may be inferred. *See, e.g.*, *United States v. Khoury*, 62 F.3d 1138, 1141-43 (9th Cir. 1995) (concluding the Government's refusal to file a § 5K1.1 motion in retaliation for the defendant's exercise of his right to jury trial permitted the court to exercise its own discretion to grant a downward departure); *Treleaven*, 35 F.3d at 461-62 (holding the defendant was entitled to have the district court consider a possible substantial assistance departure in spite of the Government's failure to file a § 5K1.1 motion because of the Government's misconduct in communicating *ex parte* with the defendant and subpoenaing his grand jury testimony without informing his counsel, thereby impeding his ability to negotiate for a departure motion). Indeed, the Government may properly base its decision not to file a § 5K1.1 motion on nothing more than "its rational assessment of the cost and benefit that would flow from moving," regardless of the assistance rendered. *Wade*, 504 U.S. at 187, 112 S. Ct. 1840. Accordingly, the district court did not err in deferring to the

Government's stated reason for refusing to file a § 5K1.1 motion or denying Defendant's request for a hearing to prove the quality of his assistance.

AFFIRMED.