NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10481 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00291-PMP-LRL |
| v. | |
| LONNIE LILLARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted November 2, 2009
San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Lonnie Lillard appeals his conviction following a jury trial for fraud and

conspiracy to commit fraud arising out of his involvement in a pre-paid debit card

scheme. We have jurisdiction to review a defendant's challenges to his conviction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and sentence under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm in part, but vacate the sentence on the conspiracy count and remand for resentencing.

In July 2006, an investigation into fraudulent pre-paid debit card transactions led law enforcement officers to Room 26006 of the Treasure Island Hotel and Casino in Las Vegas. The officers executing the search warrant for Room 26006 found evidence indicating the existence of a fraudulent debit card scheme, including a merchant credit card terminal and keypad, a laptop computer, receipts of sales and returns, money orders, and re-encoded credit cards, gift cards, and pre-paid Visa cards. Evidence in Room 26006 linked Lillard to the fraudulent scheme and hotel records showed that Room 27050 was registered to Lillard. The officers conducting the search of Room 26006 ran Lillard's name through a criminal database and turned up felony convictions for forgery and counterfeiting.

Before officers could apply for a search warrant for Room 27050, a man came to the door of Room 26006 and fled upon seeing the officers. Officers caught up to him on the ground floor of the hotel and found a cell phone nearby. Within minutes of the man's knocking on the door of Room 26006, three women came to the room and, upon being questioned, said they were returning merchandise for Lillard. One woman stated that she knew Lillard and was staying with him in Room 27050.

2

Concerned by the number of people who knew about the search and the potential that the suspect who initially fled might have alerted accomplices to the presence of police, law enforcement officials decided to secure Room 27050 to prevent the destruction of evidence and to keep any other suspects from fleeing. Upon entering Room 27050, the officers encountered Lillard. When asked for identification, Lillard motioned toward the night stand, where an officer found several credit cards. After an officer took Lillard into custody, the officers exited and secured the room.

A magistrate judge issued a warrant for the search of Room 27050, which officers executed the next day, discovering many items similar to those found in Room 26006. Officers also found a valet ticket for a rental car and later obtained a warrant to search the car. However, the officer who prepared the affidavit in support of the warrant application for the rental car erroneously asserted that Lillard had used the alias Rahman Johnson to rent Room 26006, when, in actuality, Lillard and Johnson are two different people. Officers searched the car on August 9, 2006, and found additional evidence of the fraudulent scheme.

Before trial, Lillard moved to suppress evidence found in Room 27050 and the rental car as tainted by the initial warrantless entry into his hotel room. The district court denied the motion. On appeal, Lillard challenges the legality of the

3

initial warrantless entry and arrest and the validity of the search warrants for his hotel room and rental car. We review the district court's legal conclusions on a motion to suppress *de novo* and the underlying factual findings for clear error. *United States v. Silva*, 247 F.3d 1051, 1054 (9th Cir. 2001).

An abundance of evidence discovered in Room 26006 linked Lillard and Room 27050 to the fraudulent scheme. Many items discovered in Room 26006 – including a driver's license, credit cards, and a casino "player's club" card as well as money orders, receipts, gift cards, and checks – bore Lillard's name. This evidence indicated a fair probability that Lillard was involved in criminal activity, providing probable cause for the arrest and the search of Room 27050. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007); *United States v. Brooks*, 367 F.3d 1128, 1134 (9th Cir. 2004). Exigent circumstances existed because law enforcement officials had reason to believe that any evidence in Room 27050 could be destroyed or that another suspect could attempt to flee. *See Brooks*, 367 F.3d at 1135. Thus, probable cause and exigent circumstances justified the warrantless entry and arrest. *See id.*; *Bailey v. Newland*, 263 F.3d 1022, 1032 (9th Cir. 2001).

In addition, law enforcement officers searched both Room 27050 and the rental car pursuant to valid warrants. The affidavits in support of the search warrants provided probable cause even after striking any objectionable

information. *See United States v. Reed*, 15 F.3d 928, 933 (9th Cir. 1994). Thus, the district court did not err in admitting the evidence obtained during these searches.

Lillard also appeals his sentence for conspiracy to commit wire fraud, arguing that his sentence exceeded the statutory maximum. We review the legality of a sentence *de novo*. *United States v. Flores*, 559 F.3d 1016, 1019 (9th Cir. 2009). The parties agree and the statute is clear that the maximum sentence for a violation of 18 U.S.C. § 1029(b)(2) is 60 months. 18 U.S.C. § 1029(b)(2), (c)(1)(A)(i). The district court erred in sentencing Lillard to 84 months on Count Three, in excess of the statutory maximum. Therefore, we vacate Lillard's sentence on Count Three and remand for resentencing.

Finally, Lillard contends that the court erred in setting the amount of restitution. A restitution order that is within statutory bounds is reviewed for abuse of discretion. *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008). Factual findings supporting a restitution order are reviewed for clear error. *Id.* We review the legality of a restitution order *de novo*. *Id.*

The district court set restitution under the Mandatory Victims Restitution Act of 1996 at the amount of loss to which the victim company's fraud specialist testified and the amount that the presentence report recommended. The district

court did not have to adopt Lillard's calculation of loss. It had flexibility to determine the total amount of loss. *See id.* at 557. Furthermore, the district court was not required to deduct from the amount of restitution owed funds seized by the government but not received by the victim company. *See United States v. Bright*, 353 F.3d 1114, 1122-23 (9th Cir. 2004). Therefore, we affirm the district court's order of restitution.

**AFFIRMED IN PART; SENTENCE VACATED IN PART and REMANDED FOR RESENTENCING.**