FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50045 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00335-GAF-1 |
| v. | |
| JOHN RAYMOND BEZEREDI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued & Submitted April 10, 2012
Pasadena, California

Before: B. FLETCHER, KLEINFELD, and M. SMITH, Circuit Judges.

John Raymond Bezeredi appeals his within-guidelines sentence, following

his plea of guilty to mail fraud and telemarketing fraud against the elderly.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Bezeredi, a Canadian citizen, agreed to extradition, and was ultimately sentenced to 109 months of imprisonment, followed by three years of supervised release, and ordered to pay a special assessment and restitution. He now raises a number of procedural challenges to his sentence. We review sentencing decisions for abuse of discretion. United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We have jurisdiction under 28 U.S.C. § 1291.

Bezeredi first argues the district court erred in considering five victim impact statements at sentencing. "Victim impact statements are admissible at sentencing unless their admission would be so unduly prejudicial that it renders the sentence fundamentally unfair." Beaty v. Stewart, 303 F.3d 975, 985 (9th Cir. 2002) (internal quotation marks omitted). These impact statements are not unduly prejudicial. Bezeredi concedes that he did not raise in district court his contention that the letters only indicated that the victims sent small amounts of money to him, and the one letter that indicated a large amount only stated that the victim sent $200,000 to "a man in Canada," not naming Bezeredi. The district court did not abuse its discretion in considering the letters at sentencing. See United States v. Monaco, 852 F.2d 1143, 1150 (9th Cir. 1988) (holding district court did not err at sentencing when it considered "victim impact letters [that] do not refer specifically

2

to [defendant], to any other defendant by name, or to any specific allegation in the indictment").

Bezeredi also argues the district court increased his sentence because of "careless" statements his own defense psychologist made in a report he submitted. The judge did not abuse his discretion in applying his own judgment to the persuasiveness of the defense psychologist's view and in not reducing the sentence on account of that report. See Carty, 520 F.3d at 993.

Bezeredi also argues that the district court erred by giving little weight to Bezeredi's chart that listed sentences received by others convicted of fraud. The chart listed sentences that were shorter, the same, and much longer than Bezeredi's, but did not indicate what factors dictated the sentence in each particular case. Bezeredi's fraud victimized over 4,500 people and he received a within-guidelines sentence of 109 months. He has not pointed to a case with similar facts where the defendant received a different sentence. See United States v. Becerril-Lopez, 541 F.3d 881, 895 (9th Cir. 2008) ("[W]e have trouble imagining why a sentence within the Guidelines range would create a disparity, since it represents the sentence that most similarly situated defendants are likely to receive."); see also

3

United States v. Treadwell, 593 F.3d 990, 1012 (9th Cir. 2010) ("Too many factors dictate the exercise of sound sentencing discretion in a particular case to make the inquiry [defendant] urges helpful or even feasible.").  The district court did not abuse its discretion in giving little weight to Bezeredi's chart.  Nor would disparity demonstrate error in the sentence.  Treadwell, 593 F.3d at 1011–12.

Bezeredi's argument that the government should have been required to move for a U.S.S.G. § 5K1.1 departure for cooperation is meritless, because Bezeredi vitiated the value of any cooperation he may have given by submitting a fraudulent document to the FBI, and because the decision was the government's to make. United States v. Flores, 559 F.3d 1016, 1019 (9th Cir. 2009).  His argument that the district court should have held an evidentiary hearing on the amount of loss is meritless because he did not put the amount at issue and has not pointed to any evidence that might have added to what the judge considered.

Bezeredi's argument that he should have received a lower sentence because he waived extradition has little force, because he fought extradition for four years, and received a mid-range guidelines sentence.

AFFIRMED.