**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50039 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02968-LAB |
| v. | |
| MARTHA YOLANDA ROSALES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Martha Yolanda Rosales appeals from the district court's judgment and challenges the 120-month sentence imposed following her guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rosales challenges the substantive reasonableness of her mandatory minimum sentence. She contends that the district court should have compelled the government to file a motion for a substantial assistance departure under U.S.S.G. § 5K1.1. We disagree.

Section 5K1.1 does not impose a duty on the government to move for a substantial assistance departure. *See United States v. Flores*, 559 F.3d 1016, 1019 (9th Cir. 2009). Even when a defendant has provided substantial assistance, this court cannot grant relief "unless the government's refusal to file a § 5K1.1 motion was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to a legitimate governmental purpose." *Id*. Rosales's allegations do not meet this standard.

Because the district court lacked discretion to sentence Rosales below the mandatory minimum, *see United States v. Wipf*, 620 F.3d 1168, 1171 (9th Cir. 2010), her substantive reasonableness argument fails.

**AFFIRMED.**