**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50451 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00404-RHW-1 |
| v. | |
| MARQUISE TRAVON DEDMON, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50452 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00725-RHW-1 |
| v. | |
| MARQUISE TRAVON DEDMON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted November 4, 2013

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Marquise Travon Dedmon appeals the 385-month sentence imposed by the district court for his commission of three armed bank robberies. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1. Dedmon contends that the district court's failure to sua sponte order a competency hearing before taking his guilty plea warrants reversal. Because Dedmon did not raise this issue in the district court, we review the district court's decision not to sua sponte order a competency hearing for plain error. *See United States v. Dreyer*, 705 F.3d 951, 960 (9th Cir. 2013). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008). "If [this court] find[s] that 'evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence,' then the first two prongs of the [plain error] test are satisfied, leaving the questions of substantial rights and fairness." *Dreyer*, 705 F.3d at 960 (quoting *Chavez v. United States*, 656 F.2d 512, 516 (9th Cir. 1981)). Furthermore, "[a]llowing a judicial proceeding to continue when there is genuine

2

doubt as to the competence of the accused plainly implicates the substantial rights of the accused and seriously affects the fairness, integrity and public reputation of the judicial proceedings." *Id*. Therefore, "the analysis is ultimately reducible to the question of whether 'the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence.'" *Id*. at 961 (quoting *Chavez*, 656 F.2d at 516). If the answer is "yes," "the failure to order a competency hearing *sua sponte* is plain error." *Id*.

Here, the answer is "no." "The record raises a question as to the defendant's competence if there is substantial evidence that, due to a mental disease or defect, the defendant is either 'unable to understand the nature and consequences of the proceedings against him *or* to assist properly in his defense.'" *Id*. at 961 (quoting *United States v. Friedman*, 366 F.3d 975, 980 (9th Cir. 2004). Unlike in *Dreyer*, where the defendant did not allocute due to the effects of dementia, *id*. at 957, the district court in this case conducted a lengthy colloquy to ensure that Dedmon understood the terms of the plea agreement and that his decision to plead guilty was knowing and voluntary. Throughout the approximately fifty-minute hearing, Dedmon respectfully addressed the court, quietly consulted with his counsel, and appropriately responded to all of the court's questions. The district court also confirmed with defense counsel that he had discussed the facts of the case and the

3

plea agreement with Dedmon and that he had answered Dedmon's questions about the deal. Most importantly, defense counsel represented to the district court that Dedmon was competent to plead guilty and that he understood the consequences of doing so. *See Medina v. California*, 505 U.S. 437, 450 (1992) ("[D]efense counsel will often have the best-informed view of the defendant's ability to participate in his defense."). Thus, although Dedmon's two previous attorneys had made equivocal statements regarding his mental capacity, a reasonable judge would not be expected to experience genuine doubt regarding his competence to plead guilty. Therefore, the district court did not plainly error by failing to sua sponte order a competency hearing before taking Dedmon's guilty plea.

2. Dedmon also contends that the district court erred in finding that the government did not breach the plea agreement by failing to move for a below-mandatory-minimum sentence pursuant to 18 U.S.C. § 3553(e). Where the facts are not in dispute and the only question is whether the government breached the plea agreement as a matter of law, review is generally de novo. *See United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000). Relief is unavailable "unless the government's refusal to file a [§ 3553(e)] motion was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to a legitimate governmental purpose." *United States v. Flores*, 559 F.3d 1016, 1019

(9th Cir. 2009). A defendant must make a "substantial threshold showing" on one of these grounds "to be entitled to such relief, or even to obtain discovery or an evidentiary hearing on the issue." *United States v. Treleaven*, 35 F.3d 458, 461 (9th Cir. 1994) (internal quotation marks omitted).

"Plea agreements are contracts and are enforced as such." *Cannel*, 517 F.3d at 1176. "The courts enforce the literal terms of the plea agreement, but construe ambiguities in favor of the defendant, ordinarily placing on the government [the] responsibility for any lack of clarity." *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002) (internal quotation marks and citations omitted). Dedmon's arguments notwithstanding, the plea agreement did not obligate the government to file a § 3553(e) motion. Instead, it required the government to evaluate, "in its exclusive judgment," whether Dedmon's substantial assistance "merit[ed] a sentence below the mandatory minimum term." "Because these terms vest discretion in the Government to evaluate the quality of [Dedmon's] assistance, the most [he] could expect was a good faith evaluation of [his assistance]." *Flores*, 559 F.3d at 1020. Because Dedmon has not made a substantial threshold showing of the government's bad faith, the district court did not err in finding that the government did not breach the plea agreement by failing to file a § 3553(e) motion.

**AFFIRMED.**