FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10231 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00036-FMTG |
| v. | |
| HWANG GYOO CHOI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Hwang Gyoo Choi appeals from the 41-month sentence imposed following his guilty-plea conviction for importation of methamphetamine hydrochloride, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Choi contends that the district court abused its discretion by failing to grant him an additional one-level departure under U.S.S.G. § 5K1.1 for substantial assistance. The district court did not abuse its discretion in deferring to the government's recommendation for a two-level departure, because there is no indication in the record that the government's refusal to move for a three-level departure "was based on impermissible motives, constituted a breach of the plea agreement, or was not rationally related to a legitimate governmental purpose." *United States v. Flores*, 559 F.3d 1016, 1019 (9th Cir. 2009).

Choi also contends that the district court erred by granting a two-level role adjustment rather than a three- or four-level adjustment under U.S.S.G. § 3B1.2. We review for clear error. *See United States v. Tankersley*, 537 F.3d 1100, 1110 (9th Cir. 2008). The district court did not clearly err because the record reflects that Choi traveled from the Philippines to Guam with a substantial amount of methamphetamine on the promise of being relieved of a large debt. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

Finally, Choi contends that the district court procedurally erred by failing to address his request for a departure for coercion under U.S.S.G. § 5K2.12. Contrary to his contention, the record reflects that the district court considered Choi's arguments in favor of the departure. To the extent that Choi challenges the merits

13-10231

of the court's denial of a departure under section 5K2.12, we review for substantive reasonableness, applying an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006). The sentence at the bottom of the Guidelines is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**