**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50284 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03601-H |
| v. | |
| JOHN DOE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, Senior District Judge, Presiding

Submitted May 11, 2017[**]
Pasadena, California

Before:  PREGERSON and FRIEDLAND, Circuit Judges, and DONATO,[***]
District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

Defendant-appellant John Doe[1] appeals a three-year mandatory minimum sentence imposed after he pleaded guilty to bringing in an illegal alien for financial gain and aiding and abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. Doe contends that the government arbitrarily refused to file a motion for substantial assistance under 18 U.S.C. § 3553(e) after a debriefing meeting with him. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Without a motion by the government, the district court ordinarily lacks authority to grant a reduction of a mandatory minimum sentence for substantial assistance. *United States v. Treleaven*, 35 F.3d 458, 460 (9th Cir. 1994). The government's refusal to seek a reduction for substantial assistance is not reviewable unless it was motivated by constitutionally suspect reasons such as a defendant's race or religion, constituted a breach of the plea agreement, or was arbitrary and not rationally related to a legitimate government purpose. *Id.* at 461. To obtain review or an evidentiary hearing, a defendant must make a "substantial threshold showing" on one or more of these grounds that consists of more than just "generalized allegations" of impropriety. *Wade v. United States*, 504 U.S. 181, 186 (1992); *see also United States v. Flores*, 559 F.3d 1016, 1020 (9th Cir. 2009).

---

[1] Defendant's unopposed motions to be referred to under a pseudonym are granted. *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980).

Doe does not allege an unconstitutional motive behind the government's decision or that it breached a duty under the plea agreement. Nor has he shown that the government's decision was arbitrary, irrational or made in bad faith. The government clearly stated to the district court that it had declined to bring a substantial assistance motion because it did not believe that Doe had been cooperative or truthful at the debriefing meeting. Doe does not contest his lack of cooperation and the district court did not err in accepting the government's explanation as satisfactory. *See Flores*, 559 F.3d at 1020 ("[w]hether the assistance provided was actually substantial is a decision that better rests with the prosecutor, not the court." (citing *United States v. Burrows*, 36 F.3d 875, 884 (9th Cir. 1994))).

**AFFIRMED.**