**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellant*, v. AURELIO RAMIREZ, *Defendant-Appellee*. | No. 19-50131 D.C. No. 8:17-cr-00017-JLS-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted April 14, 2021[**]
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and KORMAN,[***] District Judge.

The U.S. Attorney appeals from the district court's sentence of nine years, one year below the statutory minimum. We have jurisdiction under 18 U.S.C. § 3742(b). We vacate and remand for resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

The district court erred by concluding that a motion to reduce the Guideline range under U.S.S.G. § 5K1.1 also authorized a sentence below the statutory minimum under 18 U.S.C. § 3553(e). Although both motions have as a prerequisite that the defendant provided "substantial assistance," the Supreme Court has held that the "Government must in some way indicate its desire or consent that the court depart below the statutory minimum before the court may do so." *Melendez v. United States*, 518 U.S. 120, 126 n.5 (1996). The Supreme Court has also explained that "a motion under § 5K1.1 permitted departure from the guideline sentence, but that the departure could not extend below the mandatory minimum absent an additional motion by the government under § 3553(e)." *United States v. Auld*, 321 F.3d 861, 866 (9th Cir. 2003). The district court's reliance on our decision in *United States v. Lee* was misplaced, because the prosecutor in that case had moved for a downward departure "from both the guidelines and the mandatory minimum sentence." 725 F.3d 1159, 1163 (9th Cir. 2013) (per curiam).

Citing *Wade v. United States*, 504 U.S. 181 (1992), defendant urges affirmance on the theory that the district court found that the U.S. Attorney's failure to file a motion under § 3553(e) was irrational. We reject that argument. The district court here made clear that it sentenced the defendant to a below-minimum sentence because of its erroneous understanding of its legal authority, not based on a factual finding that the U.S. Attorney had acted irrationally.

We therefore vacate the sentence and remand for sentencing in compliance with the law. "On remand, the district court generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." *United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir. 2002) (en banc). We note, however, that a district court's authority to compel the U.S. Attorney to file a substantial-assistance motion is circumscribed. *See Wade*, 504 U.S. at 186–87; *United States v. Flores*, 559 F.3d 1016, 1020–21 (9th Cir. 2009).

**VACATED AND REMANDED.**