**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10406 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00038-1 |
| v. | |
| COLEEN RENEE REYES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances M. Tydingco-Gatewood, District Judge, Presiding

Submitted May 18, 2021**

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Coleen Renee Reyes appeals from the district court's judgment and challenges the 97-month sentence imposed following her jury-trial conviction for attempted possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. We have jurisdiction under 28

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Reyes contends that the district court should have exercised its authority to depart downward under U.S.S.G. § 5K1.1. She argues that the government's decision not to file a § 5K1.1 motion was intended to punish her for exercising her Sixth Amendment right to a jury trial and was not rationally related to a legitimate governmental interest.[1] "[T]he district court's factual findings regarding the Government's reasons for refusing to file a § 5K1.1 motion are reviewed for clear error." *United States v. Flores*, 559 F.3d 1016, 1019 (9th Cir. 2009).

The government explained at sentencing that the information Reyes provided after her trial was not timely or beneficial. The government substantiated that assertion, and the record does not support Reyes's claim of an ulterior improper motive. Accordingly, the district court did not clearly err in finding that the government's refusal to file a § 5K1.1 motion was neither unconstitutionally motivated nor arbitrary. *See id.* at 1020 ("[W]hether the assistance provided was actually substantial is a decision that better rests with the prosecutor, not the court."). Because the district court could not grant the departure after the government legitimately declined to move for it, *see id.* at 1019, the court had no

---

[1] Reyes also argues that the government improperly refused to file a motion under 18 U.S.C. § 3553(e), which governs relief from the mandatory minimum. However, the government did move for safety valve relief under that statute and, as a result, Reyes received a sentence below the otherwise applicable mandatory minimum.

19-10406

occasion to consider the § 5K1.1 factors and we need not reach Reyes's arguments that the court misunderstood the standard under § 5K1.1 and failed to explain its reasoning adequately.

**AFFIRMED.**